

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD P. HANRAHAN, | No. 10-56449 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03148-JEM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Submitted February 13, 2012[**]
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

Appellant Richard P. Hanrahan ("Hanrahan") challenges the district court's

judgment affirming Appellee Commissioner of Social Security's determination

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that Hanrahan was not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Administrative Law Judge ("ALJ") determined that Hanrahan retained the residual functional capacity to perform light work existing in the national economy and was therefore not disabled. The ALJ chose to adopt the treating physician's and non-examining physician's conclusions because they accurately reflected the medical evidence. The ALJ gave little weight to the examining physician's conclusions because he found them unsupported by the diagnostic tests and the treating and non-examining physicians' assessments.

The ALJ's statements regarding the medical evidence as it related to the conflicting medical opinions provided a specific and legitimate explanation for rejecting the examining physician's opinions. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Therefore, the ALJ's denial of benefits is supported by substantial evidence in the record.

The ALJ also properly discounted Hanrahan's credibility. The ALJ may reject the claimant's pain testimony by offering "specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ specifically found that Hanrahan's lack of treatment, failure to

2

seek aggressive treatment, and daily activities as reported by Hanrahan's son, were all inconsistent with Hanrahan's subjective complaints.  These are specific findings stating clear and convincing reasons for rejecting Hanrahan's pain testimony.

    **AFFIRMED**.